KARLS, Respondent, vs. DRAKE, Appellant.

*December 3, 1918—January 7, 1919.*

*Vendor and purchaser of land: Statement as to value: Expression of opinion or representation of a fact.*

1. A statement as to the value of land, made by the vendor to the purchaser, was not a mere expression of opinion but a representation of a fact where the purchaser, under all the circumstances of the case, was justified in relying thereon.

2. It is not the rule, in such a case, that a statement concerning value is to be regarded as a representation of a fact only where the purchaser is induced by artifice, trick, or fraud to rely thereon. *Horton v. Lee,* 106 Wis. 439, explained.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

In the summer of 1914 *Mathias Karls* was the owner of eighty acres of land in Adams county, Wisconsin. The defendant, *Clarence Drake,* was the owner of certain real estate in the city of Madison, Wisconsin. One day, while engaged in carpenter work at Black Earth, Wisconsin, he was called on the telephone and asked to come to Madison. He came on an evening train and went to the office of a real-estate agent, where he found *Mr. Karls,* the plaintiff. A trade of *Karls's* eighty acres in Adams county for *Drake's* lot in Madison was proposed. *Drake* stated that he knew nothing of the land in Adams county and that it was impossible for him to leave his work to go to see it. *Karls* assured him that it was good land, well located, and worth $1,500. According to *Drake's* testimony *Karls* said: "It isn't necessary for you to do it [go and see the land], you can rely on what I have told you, that in the least it is well worth $1,500." The trade was finally consummated.

This action was brought by *Karls* to recover, on the warranty in the deed·by which *Drake* conveyed the Madison property to *Karls,* damages occasioned by outstanding incumbrances. *Drake* counterclaimed for damages, alleging that the land in Adams county was not as represented and, particularly, was not worth $1,500. The only issues tried were those arising upon the counterclaim.

The jury, by its special verdict, found (a) that *Karls* represented to *Drake* that the land in Adams county was well located, was good land, and that it was worth at least $1,500; (b) that under all the facts and circumstances *Drake* was justified in relying upon such representations in making the trade; (c) that the fair market value of the Adams county land at the time of making the trade was $400; and (d) that the fair market value of the Adams county land would have been $800 if it had been well located and good land, as represented.

In the final judgment the plaintiff recovered $1,231.50, against which was offset $400 plus $54.60 interest thereon from October 2, 1914, to the date of the verdict, and judgment was rendered in favor of the plaintiff and against the defendant for $776.90, being the difference between said sums. From this judgment defendant appealed.

For the appellant there was a brief by *Gilbert & Ela* of Madison, and oral argument by *Emerson Ela.*

For the respondent there was a brief by *Albert G. Michelson* and *Rufus B. Smith,* both of Madison, and oral argument by *Mr. Smith.*

OWEN, J. The defendant contends that he was entitled to judgment in the sum of $1,100, being the difference between the fair market value of the Adams county land as found by the jury and the value thereof as represented by the plaintiff. The exact question presented is whether the representation made by the plaintiff that the land was well worth $1,500 is to be deemed a representation of a fact or

merely the expression of an opinion. The trial court treated it as the expression of an opinion, and denied judgment for the difference between the actual value and the value as so represented.

The question of whether a statement concerning the value of property made by vendor to vendee amounts to a representation of a fact or merely the expression of an opinion is ofttimes troublesome. This question was quite thoroughly treated by this court in *Miranovitz v. Gee*, 163 Wis. 246, 157 N. W. 790, and after a consideration of the many authorities bearing upon the subject it was there said:

"A study of the cases suggests the thought that, in the absence of an express intent to defraud, the determination of whether or not certain representations are statements of fact or of opinion depends upon whether or not the person to whom the representations are made may, under all the facts and circumstances of the case, including such person's capacity or want of capacity, rely upon them. Where the person to whom they are made may rely upon them they are held to be statements of fact; where the person to whom they are made may not rely upon them, without being guilty of a want of ordinary care and prudence, they are denominated opinions."

Differently stated, the question is whether the doctrine of *caveat emptor* applied. If it did, the vendee had no right to rely upon the statements, and they constituted mere expressions of opinion. If, on the other hand, the circumstances did not hold the vendee to the doctrine of *caveat emptor,* then he was justified in relying upon the statements and they constituted representations of a fact.

No good purpose will be served by a re-examination of the many authorities bearing upon the subject. We are satisfied that the principle above quoted furnishes as correct, certain, and definite a test by which it may be judged whether a statement concerning values is to be regarded as a representation of a fact or the expression of an opinion as can be deduced. The rule is applicable to the facts of this case.

This court has held that whenever there is any doubt as to whether a statement of this kind is the mere expression of an opinion or that of a fact, it must be determined by the jury or court. *Rogers v. Rosenfeld,* 158 Wis. 285, 149 N. W. 33. In this case the jury found that the defendant, under all the circumstances of the case, was justified in relying upon the representation of the plaintiff concerning the value of the land. Under the rule here approved this is equivalent to a finding by the jury that the statement made by the plaintiff concerning the value of the land was a representation of a fact. This being so, the defendant was entitled to judgment for the difference between the fair market value of the land which the jury found, $400, and $1,500, the value as represented by the plaintiff.

In limiting the amount of the judgment to the difference between the market value of the land as it was and the market value thereof if it had been good land and well located, the trial court thought that the situation was governed by the case of *Horton v. Lee,* 106 Wis. 439, 82 N. W. 360. In that case it was said:

"While the rule is well established that misrepresentations of the value of property in the circumstances indicated, however false and whatever be the intent of the vendor in making them, if there be no other wrongful element in the transaction consummated thereby, to the damage of the vendee, do not constitute actionable fraud, yet, if the vendee, to the knowledge of the vendor, is unacquainted with the subject of the sale and it is located in a distant section of the country, and by some artifice or trick on the part of the vendor the vendee is induced to purchase the property relying solely on the truth of the vendor's statement and the representations of others, acting in his interests and by his procurement, in regard to the value of the property, and such representations are false and result in damage to the vendee, the vendor is guilty of actionable fraud."

This language persuaded the trial court "that misrepresentations as to value do not constitute actionable fraud unless the vendor practices some artifice or trick by which the

vendee is induced to purchase the property, relying solely on the truth of such representations."

The language above quoted from *Horton v. Lee* was applicable to the facts of that case. There artifice and fraud was practiced on the vendee for the purpose of dissuading him from examining the land. That was the particular circumstance in that case which took it out of the rule that a statement concerning value is generally to be regarded as the expression of an opinion. It was not intended to lay down a general rule to the effect that all statements concerning value are to be regarded as the expressions of an opinion unless accompanied by some artifice, fraud, or trick by which the vendee is induced to rely thereon. That is clearly indicated by the following statement which also occurs in the opinion:

"The rule as to representations of value applies strictly only where the parties are dealing at arm's length and on equal terms. It does not apply where the relations between them are of a fiduciary character or of trust and confidence, or the person to whom the representations are made is incompetent to do business or knows personally nothing about the subject of the sale and is purposely induced, by the conduct of the vendor, not to inform himself but to act under the advice of such vendor and the influences by him used to that end."

This rather general statement is entirely inconsistent with the idea that a statement concerning value is to be regarded as the representation of a fact only where the vendee is induced by artifice, trick, or fraud to rely thereon. It is more consistent with the rule laid down in *Miranovitz v. Gee,* 163 Wis. 246, 157 N. W. 790. The opinion in *Horton v. Lee* went no further than, first, to recognize the rule that representations concerning value are generally regarded as expressions of opinion; and second, that the circumstances there proved took the case out of that rule, and constituted statements there made representations of a fact. It was not intended to hold, and the court did not hold, that under no

other circumstances could such statements constitute representations of a fact.

As set forth in the statement of facts, the plaintiff recovered $1,231.50 on his claim. Defendant recovered $400 with interest thereon from October 2, 1914, to the date of the verdict, or $454.60 in all. He should have recovered $1,100 with interest for the same period, or a total of $1,250.15. The defendant, therefore, was entitled to judgment as of the date of the verdict in the sum of $18.65, with costs.

*By the Court.*—Judgment reversed, and cause remanded with instructions to enter judgment in favor of the defendant in the sum of $18.65, with costs, as of the date of the judgment.