DERFUS, Administratrix, Respondent, vs. STOELTING BROTHERS COMPANY, Appellant.

*November 10—December 8, 1936.*

206

For the appellant there was a brief by *Nash & Nash,* and oral argument by *Walter J. Clark,* all of Manitowoc.

For the respondent there was a brief by *Sigman & Sigman* of Appleton, and oral argument by *Abraham Sigman*.

FAIRCHILD, J. The appellant received the right to manufacture and market the machine. The contract fixed the obligations of the parties. A sufficient consideration was given. The relinquishment by one party of a right to manufacture and sell a patented device, in consideration of another party's promise to pay money therefor, amply meets all requirements in that particular. As the trial court found, Derfus gave up all right under his patent in exchange for the promise of appellant to pay a royalty on manufactured and sold machines and semiannually for a period of five years a minimum sum whether machines were made or sold or used or not.

Derfus was trying to perfect a machine to overcome difficulties resulting from cutting curd in a vat and then delivering it into a conventional curd mill. It appears by reference to the application for the patent that the common practice was first to cut the curd by hand within the vat and shovel it into a mill, generally placed on top of the vat. As the curd passed through the mill, it was again discharged into the vat, there to be mixed. This method of cutting and working the curd required hard work, and frequently resulted in crushing or breaking up of the curd. The machine was put in operation in several cheese factories and the operation was witnessed by appellant. The lack of perfection was apparent, but it performed well enough to interest appellant and to breed a hope of further improvement. As found by the court, Derfus' statement that he would perfect the machine was not a misrepresentation. *Miranovitz v. Gee,* 163 Wis. 246, 157 N. W. 790; *Karls v. Drake,* 168 Wis. 372, 170 N. W. 248; *Graff v. Tinkham,* 202 Wis. 141, 231 N. W. 593. All knew the existing conditions. All knew

he had been able to accomplish but partially his objective. Five years were set apart as a period during which he was to be paid $400 per year whether any machines were manufactured or sold. After that period, his revenue depended solely on sales of machines. Efforts to improve the machine for the benefit of both parties are consistent with this understanding of the contract. The evidence is that Derfus had an intention not only to attempt, but to accomplish, an improvement. He had the theory that one machine could perform the functions of cutting and mixing. He was trying to perfect it. His failure to do so up to the time of his death leaves the appellant with its rights to the machine, but also liable for payments provided for by the contract.

*By the Court.*——Judgment affirmed.